IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,

       Plaintiff,

  v.

VAN EEGHEN INTERNATIONAL B.V.
and DEFRANCESCO & SONS, INC.,

       Defendants.       /
DEFRANCESCO & SONS, INC.,

       Cross-Complainant,

  v.

VAN EEGHEN INTERNATIONAL B.V.,

       Cross-Defendant.    /

No. Civ. S-06-cv-1565 DFL KJM

Memorandum of Opinion
      and Order

    Plaintiff International Flavors & Fragrances, Inc.
("International Flavors") alleges that it suffered substantial
financial loss when it had to recall or destroy products that
incorporated irradiated onion powder received from defendants
Van Eeghen International B.V. ("Van Eeghen") and DeFrancesco &
Sons, Inc. ("DeFrancesco").  Van Eeghen bought the onion powder
from DeFrancesco, the manufacturer, and sold it to International

1

Flavors.  After International Flavors brought suit, DeFrancesco
filed a cross claim against Van Eeghen, seeking equitable
contribution and indemnification.  Van Eeghen now moves to
dismiss both International Flavors and DeFrancesco's claims for
lack of personal jurisdiction and on the grounds of forum non
conveniens.  For the reasons below, the court DENIES the motion.

                                I.

     Beginning in the 1980s, Van Eeghen signed successive
contracts with International Flavors to supply onion powder to
International Flavors's wholly owned subsidiary in the
Netherlands, International Flavors Nederland.  Both Van Eeghen
and International Flavors Nederland are Dutch companies with
their principal place of business in the Netherlands.
International Flavors is a New York corporation with its
principal place of business in New York.

     This case involves contracts that International Flavors
entered into with Van Eeghen from 2003-2005.  These contracts
specified that Van Eeghen must buy the onion powder from
DeFrancesco, a California corporation that produces various food
products.  International Flavors alleges that these contracts
also stipulated that the onion powder could not be irradiated.[1]
When Van Eeghen needed to buy onion powder for International
Flavors, it would place orders with DeFrancesco via email.

     Since 1994, Van Eeghen had purchased food products from
DeFrancesco, aside from the onion powder it sold to

_____

     [1]  Irradiation is a technique to destroy bacteria and fungi
in foodstuffs.  Many of International Flavors's customers,
however, are in Europe and Japan, both of which have stringent
requirements regarding the irradiation of food ingredients.

International Flavors.  In 1994, Van Eeghen also became the exclusive distributor for DeFrancesco in continental Europe and Scandinavia for dehydrated onion and garlic products.  Van Eeghen's employees visited DeFrancesco in California every 12-18 months to discuss ongoing business and to tour the facilities and fields.

In March 2005, International Flavors discovered that a batch of onion powder it received from Van Eeghen was irradiated.  DeFrancesco had blended irradiated onion powder with non-irradiated onion powder because poor crop conditions led to a shortage of the latter.  DeFrancesco contends that Van Eeghen's agent, Fred Hoyng, approved the inclusion of irradiated onion powder during one of his visits to DeFrancesco's California facilities.  International Flavors subsequently had to recall or destroy products containing the irradiated powder.

On January 23, 2006, International Flavors filed suit against Van Eeghen and DeFrancesco in federal court in New York.  On July 2006, that court transferred the action to the Eastern District of California under 28 U.S.C. § 1306(a).  On October 30, 2006, DeFrancesco filed a cross claim against Van Eeghen, seeking equitable contribution and indemnification.

II.

A.  Personal Jurisdiction

International Flavors and DeFrancesco allege that this court has specific personal jurisdiction over Van Eeghen.

Specific personal jurisdiction exists when: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of

3

the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."[2]  <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).  Plaintiffs carry the burden to satisfy the first two factors.  <u>Schwarzenegger</u>, 374 F.3d at 802.  If plaintiffs succeed, defendants then shoulder the burden "to present a compelling case that the exercise of jurisdiction would not be reasonable."  <u>Id.</u>

    1.  Purposeful Availment

In light of Van Eeghen's alleged contacts and course of activity with DeFrancesco, Van Eeghen purposefully availed itself of the privilege of conducting business in California. Under its contract with  International Flavors, Van Eeghen agreed to buy its onion powder from DeFrancesco.  Moreover, after signing the agreements, Van Eeghen instigated the purchases of onion powder from DeFrancesco by reaching out to DeFrancesco via email to place orders.  Further, Van Eeghen employees visited DeFrancesco in California every 12 to 18 months "to discuss ongoing business."  (Van Eeghen Dec. ¶ 7.) From 2003 to 2005, Van Eeghen's employees made two such visits. (Van Eeghen Dec. II ¶ 2.)  DeFrancesco claims that Van Eeghen toured and inspected its fields and facilities, and, at least on one occasion, the parties discussed matters concerning the

---

    [2]  The jurisdictional analyses under state and federal law are the same in this case because California's long-arm jurisdictional statute is coextensive with federal due process requirements.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800-01 (9th Cir. 2004).

production of onion powder for International Flavors. (DeFrancesco Dec. ¶¶ 6, 7.)  Indeed, one of the central factual disputes concerns a conversation that occurred in California between agents of Van Eeghen and DeFrancesco.  According to DeFrancesco, Van Eeghen's agent, Fred Hoyng, approved supplying International Flavors with irradiated onion powder during his visit.  (DeFrancesco ¶ 7.)  Although Van Eeghen takes a different view of what was discussed, it does not deny that Hoyng was present to view DeFrancesco's operations.  In resolving this motion, the court must view the facts in the light most favorable to the plaintiff and will assume that the issue of irradiated onion powder was discussed. Schwarzenegger, 374 F.3d at 800.  The combination of Van Eeghen's California directed activities, particularly its employee's alleged consent to DeFrancesco's use of irradiated onion powder on a trip to DeFrancesco's California operation, constitutes purposeful availment.

    2.  Arises Out of Forum Activities

    For the same reasons, this dispute arises from Van Eeghen's forum-related activities.

    3.  Reasonableness

    Finally, Van Eeghen has failed to present a compelling case as to why it would be unreasonable for the court to exercise specific jurisdiction in this case.

    Courts must balance seven factors when deciding the reasonableness of exercising jurisdiction over a nonresident defendant: "1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on

1   the defendant; 3) conflicts of law between the forum and

2   defendant's home jurisdiction; 4) the forum's interest in

3   adjudicating the dispute; 5) the most efficient judicial

4   resolution of the dispute; 6) the plaintiff's interest in

5   convenient and effective relief; and 7) the existence of an

6   alternative forum." Roth v. Garcia Marquez, 942 F.2d 617, 623

7   (9th Cir. 1991).

8       The first factor weighs in favor of DeFrancesco.  Van

9   Eeghen's forum-related activities allegedly include the

10  permission to use irradiated onion powder that is the core of

11  this dispute  It is quite obvious that "what was said in

12  California by Hyong" will be at the center of any trial.

13      The second factor weighs in favor of Van Eeghen.  Van

14  Eeghen, a Dutch company, likely would experience some hardships

15  if required to defend this case in California.  See Asahi Metal

16  Indus. Co. v. Superior Court, 480 U.S. 102, 114 (1987) ("The

17  unique burdens placed upon one who must defend oneself in a

18  foreign legal system should have significant weight in assessing

19  the reasonableness of stretching the long arm of personal

20  jurisdiction over national borders."); see also FDIC v. British-

21  American Ins. Co., 828 F.2d 1439, 1444 (9th Cir. 1987) (finding

22  that "[when] the defendant 'has done little to reach out to the

23  forum state,' the burden of defending itself in a foreign forum

24  militates against exercising jurisdiction") (citation omitted).

25  It does not have a California office.  And most of its witnesses

26  allegedly are in the Netherlands and would require translators.

27      The conflicts-of-law factor weighs in favor of

28  International Flavors and DeFrancesco.  The contracts provide

that New Jersey law will apply.  See FDIC, 828 F.2d at 1444
(considering choice of law provision when weighing the conflicts
of law factor).

The fourth factor, the forum state's interests, weighs in
favor of International Flavors and DeFrancesco.  DeFrancesco is
a California corporation with its principal place of business in
California.[3]  While "private commercial matters" do not raise
significant state interests, see Mattel, Inc. v. Greiner &
Hausser GMBH, 354 F.3d 857, 868 (9th Cir. 2003), DeFrancesco
also pleads a tort claim—negligent representation—against Van
Eeghen.  See Sinatra v. National Enquirer, 854 F.2d 1191, 1200
(9th Cir. 1988) (noting that California has a strong interest in
providing a means of redress for residents who are tortiously
injured).

The fifth factor is neutral.  Courts look to the location
of the evidence and witnesses when considering "the most
efficient judicial resolution of the dispute."  Panavision
Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998).
While most of Van Eeghen's witnesses are abroad, most of
International Flavors and DeFrancesco's witnesses are in the
United States.

The sixth factor, burden on plaintiffs, cuts in favor of
International Flavors and DeFrancesco.  DeFrancesco is a

_____

[3]   In its reply, Van Eeghen argues that DeFrancesco is out-
of-business and that California does not have any interest in
resolving this dispute because "the only interested party
relative to DeFrancesco would be its insurance carrier."
Because this argument was tendered for the first time in the
reply brief, the court is not in a position to evaluate it.
Even if true, the forum state may still have an interest in
protecting the insurance carrier, if any, or the former owners.

California resident.  <u>See</u> <u>Roth</u> 942 F.2d at 624 ("[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference.")  And just as it would be expensive and burdensome for Van Eeghen to defend the case in California, it would be expensive and burdensome for DeFrancesco to pursue its claims against Van Eeghen in the Netherlands.

Finally, the seventh factor, availability of an alternative forum, weighs in favor of Van Eeghen.  "The plaintiff bears the burden of proving the availability of an alternative forum."  <u>Core Vent Corp. v. Nobel Indus. AB.</u>, 11 F.3d 1482, 1490 (9th Cir. 1993).  Because DeFrancesco and International Flavors present no evidence that the Netherlands is unsuitable as an alternative forum, they have failed to carry this burden here.

In sum, Van Eeghen has shown that only two of the seven factors cut strongly in favor of Van Eeghen.  Therefore, the court finds that Van Eeghen has failed to present a compelling case that the exercise of jurisdiction would be unreasonable.  <u>See</u> <u>Roth</u>, 942 F.2d at 625.

B.  Forum Non Conveniens

"A party moving in the trial court to dismiss on ground of forum non conveniens has the burden of showing: '(1) the existence of an adequate alternative forum, and (2) that the balance of private and public factors favor dismissal.'"  <u>Ceramic Corp. of America v. Inka Maritime Corp.</u>, 1 F.3d 948, 949 (9th Cir. 1993) (citation omitted).  "This showing must overcome the 'great deference . . . due plaintiffs because a showing of

convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991).

The Netherlands is an adequate alternative forum. Van Eeghen is willing to submit to the jurisdiction of a Dutch court. See Lockman, 930 F.2d at 768 (noting that an alternative forum is presumptively adequate if defendants are willing to submit to its jurisdiction). And neither International Flavors nor DeFrancesco have shown that a Dutch court cannot provide an adequate or satisfactory remedy. Id.

A balancing of the relevant private and public factors, however, does not strongly favor Van Eeghen. "Private factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1451 (9th Cir. 1990). "Public interest factors encompass court congestion, the local interest in resolving the controversy, and the preference of having a forum apply a law with which it is familiar." Id. at 1452.

As discussed above, the first two private factors are neutral. While Van Eeghen's witnesses are in the Netherlands, DeFrancesco and International Flavors's witnesses are in the United Statess. Moreover, neither party has identified any hostile witnesses.

The third private factor also is neutral.  Van Eeghen has filed suit against both DeFrancesco and International Flavors in the Netherlands.  While it would be more expeditious to try all related cases in one forum, <u>see</u> <u>id.</u>, that forum can be either California or the Netherlands.[4]

As to the public factors, although courts in this district are congested, California has an interest in resolving this dispute.  Furthermore, it is unclear whether the law of the Netherlands, New Jersey, or California applies in this case.  Therefore, the court cannot determine which forum would likely be more familiar with the applicable law.  However, the choice of law provision in the contracts provides for New Jersey law which this court can more readily determine than a court in the Netherlands.

Because a balancing of the relevant private and public factors does not strongly favor Van Eeghen, the court declines to dismiss this action on the grounds of forum non conveniens.

---

[4]  Van Eeghen argues that it does not make sense for the cases to proceed here because International Flavors and DeFrancesco would not be able to enforce this court's judgments in the Netherlands.  However, DeFrancesco and International Flavors may seek to enforce such judgments elsewhere, either in the United States or in other countries where Van Eeghen possesses assets or conducts business.

III.

For the reasons above, the court DENIES Van Eeghen's motion to dismiss.

IT IS SO ORDERED.

Dated:  May 18, 2007


                                        /s/ David F. Levi_____

                                        DAVID F. LEVI

                                        United States District Judge