| | |
|---|---|
| 1 | ROBERT D. EASSA, Bar No. 107970<br>SABRINA R. KARELS, Bar No. 248080 |
| 2 | **FILICE BROWN EASSA & MCLEOD LLP**<br>1999 Harrison Street, Suite 1800 |
| 3 | Oakland, California 94612-3520<br>Telephone: 510.444.3131 |
| 4 | Facsimile: 510.839.7940 |
| 5 | Attorneys for Plaintiff |
| 6 | INTERNATIONAL FLAVORS & FRAGRANCES INC. |
| 7 | ROBERT G. ROSE, ESQ. |
| 8 | **DAY PITNEY LLP**<br>P.O. Box 1945 |
| 9 | Morristown, New Jersey 07962<br>Telephone: 973-966-6300<br>Facsimile: 973-966-1015 |
| 10 | |
| 11 | Attorneys for Plaintiff<br>INTERNATIONAL FLAVORS & FRAGRANCES INC. |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERNATIONAL FLAVORS & FRAGRANCES INC., | Case No. 2:06-CV-01565-JAM-KJM |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | (With modifications by Court in underline/strikeout format) |
| VAN EEGHEN INTERNATIONAL B.V. and DE FRANCESCO & SONS, INC., | |
| Defendants. | |

In this action, discovery of information and production of documents has been requested of the proprietary, confidential, financial and trade secret-protected documents of Plaintiff International Flavors & Fragrances, Inc., as well as third parties. Certain documents also contain financial information regarding profit margins, cost predictions and analyses, which are confidential and vital to Plaintiff International Flavors & Fragrances Inc. (hereinafter "IFF"), as well as third parties', businesses and competitive advantage. The protection of proprietary, trade

secret-protected, financial and commercial documents is imperative to IFF's and third parties' continuing business operations and strategy. The Court finds that good cause exists to enter a protective order for the protection from public disclosure of IFF's and third parties' confidential information and documents, as set forth below.

IT IS HEREBY ORDERED that there is good cause for the Court to enter a Protective Order as follows:

1. This Protective Order shall govern the production, receipt, management, and handling of the following information and documents, as well as testimony related thereto:

   a. IFF contracts with Procter & Gamble;

   b. Procter & Gamble product specifications and briefing regarding flavorings;

   c. Procter & Gamble claim documents, including invoices, letters, and other supporting documents used in calculation of damages to Procter & Gamble; and

   d. Any other information and/or documents as agreed to by the parties or as ordered by the Court.

The foregoing information and documents shall be referred to as "Confidential Materials".

2. Documents which constitute Confidential Materials shall be marked with the legend "CONFIDENTIAL" at the top of said documents at the time of production.

3. Deposition testimony, as well as exhibits thereto, discussing and/or addressing Confidential Materials, shall be preserved as confidential. The court reporter shall be provided a copy of this Order and shall be instructed not to disperse or disseminate copies of any deposition testimony or exhibits thereto, discussing and/or addressing Confidential Materials, to anyone other than the underlying parties or counsel for the underlying parties, unless the parties agree otherwise or unless directed to do so by valid court order.

4. No party or representative of a party (except the producing party) may use any Confidential Materials, including any document or communication reproducing, paraphrasing, summarizing, describing, discussing, or otherwise disclosing such information, for any purpose other than in the prosecution or defense of this litigation (including any appeal), including the

related proceedings (including any appeal) in the Amsterdam District Court in The Netherlands (hereinafter "Dutch proceedings"), and may not disclose such material other than to the following persons:

    a. Counsel of record retained by the parties in this action, and the employees and agents of those attorneys assigned to provide necessary assistance in the litigation, and working subject to this Protective Order;

    b. The Court, jury, and Court personnel, provided that Confidential Materials are filed in accordance with the procedures described in paragraphs 7 and 8 below;

    c. Experts and consultants who are not themselves employees of any party to this action and who are retained for the purpose of assisting in this litigation and who have signed the "Agreement to Be Bound by Protective Order," attached hereto. Said experts and consultants shall be required to destroy or return any Confidential Materials disclosed to them at the end of the litigation or upon the cessation of their work in this litigation;

    d. Any deposition or trial witness where the material is necessary to the testimony of such witness;

    e. Court reporters, their staff, and professional vendors, such as interpreters, technology personnel and/or other professional personnel that are retained for the joint use of all parties (excluding copy services or other vendors acting as the agent of counsel of record) to whom disclosure is reasonably necessary for this litigation, and who have signed "Agreement to Be Bound by Protective Order";

    f. The officers, directors, and house counsel of the parties to whom disclosure is reasonably necessary for this litigation, who by signature of their counsel of record agree to be bound by the provisions of this Order; other employees of the parties to whom disclosure is reasonably necessary to this litigation and who have signed the "Agreement to Be Bound by Protective Order";

    g. The representatives of the insurance carriers for the parties to whom disclosure is reasonably necessary for this litigation, who by signature of the insured party's counsel of record agree to be bound by the provisions of this Order; and

1          h.     The author of the document or original source of the information.

2      5.     Prior to receiving or being shown any Confidential Materials, persons identified in subparagraphs (c) through (f) of the preceding paragraph 4 shall be shown a copy of and shall agree either by executing a certificate in the form attached as Exhibit A, or on the record in the case of persons in subparagraph (d), to be bound by the terms of this Protective Order.

    6.     Persons who receive or see any Confidential Materials shall use reasonable measures to control, consistent with this Protective Order, the duplication, distribution, and use of and access to the information.

    7.     Documents may be sealed only upon written order of the Court. Pursuant to L.R. 39-140(d), in the event that a party seeks to submit Confidential Materials for review by the Court, the party is required to file a motion to file the document(s) under seal pursuant to L.R. 39-141. In the event that counsel for either defendant seeks to submit Confidential Materials from IFF to the Court, defense counsel must give IFF two weeks' notice of same, including a list by document number of the documents to be used, so that IFF may file a motion and briefing in support of a motion to seal the documents. If the Court grants that motion to seal, counsel shall then submit the document(s) to the clerk's office for review by the Court. The document(s) must have a cover page with the caption and number of the action and prominent designation stating the following: "Document Filed Under Seal." Documents submitted under seal must comply with L.R. 39-141. ~~Regardless of~~ <u>Except as otherwise ordered by</u> the Court~~'s~~, ~~ruling on a Motion to Seal~~ the parties must still comply with provisions of L.R. 39-140(a) and (b).

    8.     <u>Proposed</u> ~~A~~arrangements for the use of Confidential Materials at trial shall be addressed at the Pretrial Conference<u>, with the Court in its sole discretion making the ultimate determination regarding such use</u>.

    9.     If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing along, waive the right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the receiving parties, on timely notification of the

/////

designation, must make reasonable efforts to assure that the material is treated in accordance with provisions of this Order.

10. This Protective Order shall not preclude or limit any party's right to oppose discovery on any ground, including the right to privacy. This Protective Order shall not prejudice any contention of any party, nor shall it be deemed to constitute a waiver of any party's right to seek relief from the Court from any provision of this Protective Order upon due notice.

11. This Protective Order shall not preclude or limit any party from seeking further and additional protection against, or limitation upon, production or dissemination of any Confidential Materials.

12. Within thirty (30) days after completion of the litigation, counsel shall either collect and return all Confidential Material to the producing party's counsel of record or, in the alternative, destroy all such material. This provision shall not apply to Confidential Materials covered by the attorney-client privilege, attorney work product doctrine, pleadings filed in this action, deposition transcripts, trial or hearing exhibits, and written discovery responses, which shall remain subject to this Order, as long as said attorney's file is maintained. For the purposes of this Protective Order, the action shall be considered completed upon settlement by and among all parties or upon ten days following the entry of a judgment that has become final and non-appealable, or from which all appeals have been exhausted.

13. The Court shall retain continuing jurisdiction for the enforcement of this Protective Order.

Dated: May 22, 2009.

_____
U.S. MAGISTRATE JUDGE

1. AGREED AS TO FORM ONLY:

2. Dated: May 20, 2009

3. /s/ Derrick R. Sturm
4. **DERRICK R. STURM**
Attorney for Defendant
5. De Francesco & Sons Inc.

6. Dated: May 20, 2009

7.

8. /s/ Candace Pagliero
**JAMES R. PAGLIERO**
9. **CANDACE PAGLIERO**
Attorney for Defendant
10. Van Eeghen International B.V.

# **EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of_____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *International Flavors & Fragrances, Inc. v. Van Eeghen International B.V. and De Francesco & Sons, Inc., USDC Case No. 2:06-CV-01565-JAM-KJM*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where Sworn and Signed:_____

Printed Name:_____

Signature:_____