IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTERNATIONAL FLAVORS & FRAGRANCES,

    Plaintiff,

vs.

VAN EEGHEN INTERNATIONAL B.V., et al.,

    Defendants.

_____/

No. CIV S-06-1565 JAM CKD

ORDER

    Defendant Van Eeghen's motion for sanctions came on regularly for hearing October 12, 2011. Delia Isvoranu and Robert Eassa appeared for plaintiff. Candace Pagliero appeared for defendant Van Eeghen. Robert Nelms appeared telephonically for defendant DeFrancesco, which joined in the motion. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

    1. The parties agreed that the depositions noticed under Federal Rule of Civil Procedure 30(b)(6) of persons designated by plaintiff as most knowledgeable regarding quality control and damages will proceed in the Netherlands the first week in January, 2012, subject to

/////

1

the availability of the designated deponents.  No later than October 19, 2011, plaintiff will file a statement with the court confirming the availability of the deponents.[1]

  2.  Plaintiff's counsel confirmed at the hearing that no person would be designated as a person most knowledgeable relative to contracts between Van Eeghen and International Flavors & Fragrances Netherlands regarding the purchase of onion powder because it is not aware of any written contract between these two entities.[2]

  3.  Defense counsel requested plaintiff's counsel to refrain from <u>ex parte</u> contact with former employees of defendant Van Eeghen.  That request was honored by plaintiff's counsel, although such prohibition is not required under the ethical rules governing counsel's conduct in this matter.  <u>See</u> E. D. Cal. Local Rule 180(e), California State Bar Rules of Professional Conduct Rule 2-100; <u>see also</u> <u>Continental Insurance Company v. Superior Court</u>, 32 Cal. App. 4th 94, 119 (1995).  Defense counsel represented at the hearing that she had offered to represent former employee Robert Keijzer for purposes of deposition and that there was not a formal agreement of retention between counsel and Robert Keijzer.  After speaking with defense counsel prior to his scheduled deposition, Robert Keijzer declined to be deposed.  Under these circumstances, the court relieves plaintiff's counsel from abstaining from <u>ex parte</u> contact with Robert Keijzer.

  4.  Upon careful review of the correspondence between counsel and the documents submitted in connection with the sanctions motion, the court finds that no sanctionable conduct with respect to the 30(b)(6) depositions has occurred and that an award of

---

[1] Under the order amending the pre-trial scheduling order (dkt. no. 158), expert disclosure is scheduled for January 13, 2012.  In light of the scheduling of the depositions at issue, the court recommends to the district court that the expert disclosure date be modified should the parties so stipulate.

[2] Upon review of the language set forth in the deposition notice, the court finds plaintiff's response to be appropriate.  Although defense counsel at the hearing expanded the scope of the testimony that was sought by the deposition notice, the meaning ascribed by defense counsel is not fairly encompassed by the actual language used in the notice.

expenses is not warranted considering all of the circumstances reflected in the record before the court.  The motion for sanctions (dkt. no. 160) is denied.

Dated: October 13, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
internationalflavors.oah